IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| MARIELLA BUSTOS, et al. | | |
| | : | |
| v. | : | Civil Action No. DKC 15-1161 |
| | : | |
| JCCS SERVICES, INC., et al. | | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

On July 15, 2016, Plaintiffs Mariella Bustos and Roni Santos Reyes (collectively, the "Plaintiffs") and Defendants JCCS Services, Inc., Claudete Sebben, and M.K. Catering, Inc. (collectively, the "Defendants") filed a joint motion and memorandum for approval of their Fair Labor Standards Act ("FLSA") settlement agreement. (ECF No. 26). They have not, however, included sufficient information in their motion for the court to make a determination as to the reasonableness of the settlement agreement.

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in

dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427,

at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706

F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)).  As explained in *Dees*,

706 F.Supp.2d at 1241-42:

> The parties' motion [] must describe the
> nature of the dispute (for example, a
> disagreement over coverage, exemption, or
> computation of hours worked or rate of pay)
> resolved by the compromise.  Parties wishing
> to compromise a coverage or exemption issue
> must describe the employer's business and
> the type of work performed by the employee.
> *The employer should articulate the reasons*
> *for disputing the employee's right to a*
> *minimum wage or overtime, and the employee*
> *must articulate the reasons justifying his*
> *entitlement to the disputed wages.  If the*
> *parties dispute the computation of wages*
> *owed, the parties must provide each party's*
> *estimate of the number of hours worked and*
> *the applicable wage.*  In any circumstance,
> the district court must ensure the bona
> fides of the dispute; implementation of the
> FLSA is frustrated if an employer can
> extract a disproportionate discount on FLSA
> wages in exchange for an attenuated defense
> to payment.

(emphasis added).

Then, as a second step, the terms of the proposed

settlement agreement must be assessed for fairness and

reasonableness, which requires weighing a number of factors,

including:  "(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity,

expense and likely duration of the litigation; (3) the absence

of fraud or collusion in the settlement; (4) the experience of

counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

Here, the parties have not outlined certain key aspects of the information generally necessary under *Lynn's Food Stores*, and the record does not contain sufficient information for the court to discern whether the settlement terms are fair and reasonable. The complaint does not request a specific amount in damages, and the parties have not provided the number of overtime hours that Plaintiffs allege to have worked without receiving overtime pay or their hourly wage for the relevant time periods. These figures are not found anywhere in the record, and without them, the parties leave the court to speculate the amount of Plaintiffs' potential recovery and the reasonableness of the settlement. Moreover, the motion and settlement agreement contain only a passing mention to the amount of attorney's fees requested (ECF No. 26, at 3 n.1), which is insufficient for the court to assess their reasonableness under the traditional lodestar method.

Accordingly, it is this __ day of July, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.    The parties supplement the record within fourteen (14) days, providing supporting information as described in the memorandum opinion to enable the court to conduct a proper assessment of the proposed settlement; and

2.    The clerk will transmit copies of this Order to counsel for the parties.

                                         _____/s/_____

DEBORAH K. CHASANOW
United States District Judge