IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIELLA BUSTOS, et al.                  :

                                         :

    v.                                   :   Civil Action No. DKC 15-1161

                                         :

JCCS SERVICES, INC., et al.              :

                                         :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a joint motion for approval of a settlement agreement (the "Agreement"). (ECF No. 26). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the Agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, it will be approved.

## I.   Background

Plaintiffs Mariella Bustos and Roni Santos Reyes (collectively, the "Plaintiffs") allege that Defendants M.K. Catering, Inc. ("M.K. Catering"), JCCS Services, Inc. ("JCCS Services"), and Claudette Sebben (collectively, the "Defendants") employed them to work at a warehouse during the week and at catering events on weekends but failed to compensate them for their overtime hours. Plaintiffs aver that they received salaries for their weekday warehouse jobs and an hourly

wage for their weekend catering duties.  In total, Plaintiffs contend that they worked approximately fifty hours per week. Ms. Bustos avers that she was employed by Defendants from September 2010 through April 21, 2015 and received a salary of $40,000.00 for the warehouse position and an hourly rate of $30.00 per hour for the catering position.  Ms. Reyes avers that she was employed from 2008 through April 21, 2015 and received a salary of $35,000.00 for the warehouse position and an hourly rate of $30.00 per hour for the catering position.

Plaintiffs commenced this action by filing a complaint on April 23, 2015.  (ECF No. 1).  The complaint alleges that Defendants failed to pay Plaintiffs time and a half wages for hours worked in excess of forty hours per week in violation of the FLSA and the Maryland analog statutes.  After the court denied Defendants' motion to dismiss (ECF No. 16), and after the close of discovery, the case was referred to Magistrate Judge Charles B. Day for mediation (ECF No. 19).  Eight months later, the parties filed the pending motion for approval of the Agreement.  (ECF No. 26).  The Agreement provides that, upon court approval, Defendants will pay Plaintiffs and their attorney $20,500.00.  (ECF No. 26-1 ¶ 1).  Ms. Bustos is to receive $7,500.00, Ms. Reyes is to receive $6,000.00, and Plaintiffs' attorney is to receive $7,000.00.  (*Id.* ¶ 1(a)). Defendants, pursuant to the Agreement, do not admit liability,

but agree to settle in order to avoid further costs of litigation. (*Id.* ¶ 2). In exchange for the settlement amount, Plaintiffs agree to waive and release all claims against Defendants. (*Id.* ¶ 4). The Agreement also contains a "non-disparagement" clause, pursuant to which Plaintiffs may not communicate with any current or former employee or contractor of Defendants "for the purpose of encouraging or inciting that individual to initiate any administrative action or litigation of any kind against any of the Defendants." (*Id.* ¶ 3).

Upon initial review of the pending motion, the undersigned issued a memorandum opinion and order directing the parties to supplement the record with information that would enable the court to conduct a proper assessment of the proposed settlement. (*See* ECF No. 27). Plaintiffs supplemented the motion by providing a declaration from their counsel, Gregg C. Greenberg. (ECF No. 28). The declaration includes: additional information regarding the qualifications of counsel; a more detailed factual background, including Plaintiffs' salaries and hourly rate; and more specific information regarding the time expended by Plaintiffs' attorney.

## II. Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and

3

employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair

4

and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355.   Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)).   Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:   "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

### A. *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the

pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408 (citation omitted). Here, there is a *bona fide* dispute. Defendants "disputed the merits of Plaintiffs' claims and raise other defenses or concerns[.]" (ECF No. 26 ¶ 3). Specifically, Defendants contend that M.K. Catering and JCCS Services are two separate entities that do not qualify as a joint employer. According to Defendants, M.K. Catering employed Plaintiffs during the week at the warehouse and JCCS Services employed Plaintiffs on the weekends at catering events, but Plaintiffs did not work overtime for either employer individually. (ECF No. 28 ¶¶ 19-21). Defendants argue that Plaintiffs chose to work on weekends as independent contractors with JCCS, "a separate and distinct company," at hourly rates negotiated by the parties independently. (*Id.* ¶ 16). In addition, Defendants contend that time records produced during discovery demonstrate that Plaintiffs did not work more than forty hours per week. (*Id.* ¶ 18). Plaintiffs, however, "[do] not regard these records as complete or totally accurate time records." (*Id.* ¶ 19). Moreover, Plaintiffs continue to allege that Defendants qualify as joint employers for FLSA purposes. Thus, the pleadings, along with the parties' representations in court filings, establish that a *bona fide* dispute exists as to

Defendants' liability to Plaintiffs for overtime payments under the FLSA.

### B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

The parties have engaged in discovery and mediation with Judge Day and submitted the joint motion to approve settlement eight months after the close of discovery.  The parties contend that they "reached settlement at arms-length after the Court denied Defendants' Motion to dismiss and following completion of written discovery."  (ECF No. 26 ¶ 2).  There is no evidence that the Agreement is the product of fraud or collusion, and it appears to be the product of negotiations between experienced counsel, part of which was guided by Judge Day.

As to the relationship between the amount of the settlement and Plaintiffs' potential recovery, the Agreement appears to be fair and reasonable.  The settlement provides Ms. Bustos $7,500.00 and Ms. Reyes $6,000.00.  At the request of the court, the parties provided supplemental information that clarifies the estimated overtime wages owed Plaintiffs: $10,692.30 for Ms. Bustos and $9,730.80 for Ms. Reyes.  (ECF No. 28 ¶ 15). Although Plaintiffs allege a slightly higher amount of damages

than those provided in the Agreement, the factual disputes make it uncertain whether Plaintiffs would ultimately be able to recover the full amount requested.   In fact, Plaintiffs would risk recovering less than the settlement amount or nothing at all if Defendants were successful in their defenses.   In addition, Plaintiffs factored in the possibility that Defendants may have been unable to satisfy any judgment if this action were to continue to trial.

Thus, in light of the risks and costs to both parties in proceeding with this lawsuit, the settlement amount appears to be a reasonable compromise over issues that remain in dispute.

### C. Attorney's Fees and Costs

Finally, the Agreement's provisions regarding attorney's fees and costs must also be assessed for reasonableness. *See* 29 U.S.C. § 216(b).   The agreement provides that Defendants will pay Plaintiffs' counsel $7,000.00 in attorney's fees and costs. A review of billing records submitted by Plaintiff's counsel reveals that the amount requested is reasonable.

The awarding of attorney's fees to Plaintiff turns on application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).   "An hourly rate is reasonable if it is 'in line

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules. *See, e.g.*, *id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 1992 F.R.D. 494, 509 (D.Md. 2000)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

Plaintiffs aver that counsel spent 48.8 hours working on Plaintiffs' case. (ECF No. 28 ¶ 31). Plaintiffs provide detailed billing records showing the date on which each service was performed, a short description of the service, the amount of hours spent performing service, the rate at which the client was billed, and the total amount billed for the service. (ECF No. 28-1). No billing entry appears frivolous or excessive. Plaintiffs' counsel's billing rate of $295.00 per hour is within the guidelines prescribed by the Local Rules, and Plaintiffs' counsel's declaration swears the rate charged "is typical (if not less expensive) for attorney's in Maryland . . . counseling clients on employment matters." (ECF No. 28 ¶ 9). In addition, the costs requested are reasonable and necessary.

As part of the settlement, Plaintiffs' counsel has reduced the total amount billed in attorney's fees and costs by more

than half: from $15,217.25 to $7,000.00.   Because the attorney's fees and costs are reasonable and detailed with sufficient specificity, and because the settlement reduces the total amount requested by more than half, Plaintiffs have met their "burden of providing sufficient detail . . . to explain and support [their] requests for fees and costs." *See Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 645 (D.Md. 2012) (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)).   The requested fees and costs, as calculated in the Agreement, will be awarded in full.

## III. Conclusion

For the foregoing reasons, the joint motion for approval of settlement will be granted.   A separate order will follow.


                                                   /s/

DEBORAH K. CHASANOW
United States District Judge